IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN R. LILLEY, JR., ) | |
| ) | |
| Plaintiff ) | |
| ) | Case No. 1:22-cv-07 |
| ) | |
| v. ) | |
| ) | SUSAN PARADISE BAXTER |
| IRS, ) | UNITED STATES DISTRICT JUDGE |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

### I. Plaintiff's Motion for Leave to Proceed in forma pauperis

Plaintiff John Lilley filed a motion seeking leave to proceed in forma pauperis [ECF No. 1] along with a proposed original complaint on January 4, 2022. Based on Plaintiff's averments in the motion, it appears that he is without sufficient funds to pay the filing and administrative fees associated with this case. Accordingly, Plaintiff's motion for leave to proceed in forma pauperis will be granted.

### II. Standard of Review

Because Plaintiff is seeking redress "from a governmental entity or officer or employee of a governmental entity," his pleadings are subject to the screening provisions in 28 U.S.C. § 1915A. In pertinent part, § 1915A provides that a court "shall . . . dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(2). In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under

1

Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Banks v. County of Allegheny*, 568 F.Supp.2d 579, 587-89 (W.D. Pa. 2008).

### III. Discussion and Review of Plaintiff's Filings

Plaintiff, a pro se litigant, filed this action on January 4, 2022.[1] To the extent any allegations were provided, they are as follows:

> Pain, suffering, is futile false imprisonment fails to prosecute then discharges.
>
> No title 110 insurance to discharge without merit or cause. IRS to blame.
>
> No valid IRS relief from EJ-150 could dismiss the Courts. Citation omitted IRS. Civil rights. $5,000,000,000,000,000,000,000.

ECF No. 1-1, page 4.

Plaintiff has also made several other filings in this case. ECF Nos. 2 – 8. These filings have even less to do with the IRS than the original complaint. Only one of these filings mentions the IRS. ECF No. 7. It is unclear to this Court whether Plaintiff intends these filings to amend or supplement his original complaint.[2] However, out of an abundance of caution and liberally construing the filings of this pro se litigant, this Court has examined all of Plaintiff's filings in

---

[1] Plaintiff is a frequent filer in this Court having filed more than twenty cases in the last seven months. All of the filings in Plaintiff's other cases suffer from deficiencies similar to those detailed herein. Mr. Lilley is the subject of a Vexatious Litigant Order in Civil Action Number 1:22-cv-1. This case was filed prior to the entry of that Vexatious Litigant Order.

[2] Although an amended complaint "is a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed" (*Williams v. Ferdarko*, 2018 WL 3653272, at *1 n.1 (W.D. Pa. Aug. 1, 2018)), this Court has examined all of Plaintiff's filings in this case together.

this case together. Even with this in mind, Plaintiff has not made a single factual allegation involving the IRS.[3][4]

More importantly, however, the Internal Revenue Service is immune from suit. The United States and its agencies like the IRS are shielded from private actions unless sovereign immunity is expressly waived. *See Beneficial Consumer Discount Co. v. Poltonowicz*, 47 F.3d 91, 93-94 (3d Cir. 1995). There is no waiver of immunity applicable to this case.

Generally, if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the Court should permit a curative amendment. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103 (32d Cir. 2002). However, the court "need not provide endless opportunities for amendment, especially where such opportunity already has been enjoyed." *Baker v. Moon Area Sch. Dist.*, 2018 WL 40571719, at *8 (W.D. Pa. Aug. 27, 2018) *quoting Taylor v. Pilewski*, 2008 WL 4861446, at *3 (W.D. Pa. Nov. 7, 2008). Because the undersigned concludes, as a matter of law, that Plaintiff cannot establish a constitutional or statutory violation based on any of the factual statements in any of his filings, leave to amend is futile.

An appropriate Order follows this Memorandum Opinion.

---

[3] He has not explained how the IRS (or, more appropriately, any of its staff) are involved in any violation of any of his civil rights, as he must in order to state a claim. *See generally, Rode v. Dellarciprete*, 845 F.2d 1195 (3d Cir. 1988).

[4] While several of Plaintiff's filings mention judges, Plaintiff does not make any allegations that overcome judicial immunity.